# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES OSCAR WRIGHT, | ) | |
| Plaintiff, | ) | Civil Action No. 12-217Erie |
| | ) | |
| v. | ) | |
| | ) | |
| DEBRA SAUERS, et al, | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER[1]

M.J. Susan Paradise Baxter

This civil action was filed in this Court on September 18, 2012. Plaintiff, currently a state prisoner, brought this civil rights action under 42 U.S.C. § 1983. Plaintiff claims that he suffered a cut across the forearm as a result of a razor sharp edge on a shower door at SCI Forest. As Defendants to this action, Plaintiff names: Warden Debra Sauers, Deputy Warden Eric Tice, Deputy Warden Michael Overmyer, and Safety Manager Ted Morrison.

Defendant has filed a motion to dismiss and Plaintiff has filed a brief in opposition to the pending dispositive motion. ECF Nos. 19, 24, respectively. The issues are fully briefed and are ripe for disposition by this Court.

### A. Standards of Review

#### 1) *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. See ECF Nos. 4, 23.

1

the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

**2) Motion to dismiss pursuant to Rule 12(b)(6)**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are

3

> not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### B) Personal Involvement of Defendants

Plaintiff's complaint reads:

> While showering on this day [3-3-12], I found myself in a unsafe environment in which while retrieving my soap that slipped out of my hand and under the steel shower onto the floor. While retrieving the soap my right forearm came in contact with the bottom of said steel door which is RAZOR sharp edge, which left me with a wound. A cut across my forearm that required (5) stitches. And today the situation is still the same! UNSAFE!
>
> On 3-7-12 my grievance was reviewed investigation [sic] and review of policy and work practices work order system 2012 FRS-3346 for immediate removal. Nothing has been done!

ECF No. 12, pages 3-4.

Plaintiff has not sufficiently alleged the personal involvement of any of the named Defendants and so the motion to dismiss must be granted and this action will be dismissed.

Plaintiff has not implicated any of the named Defendants in any wrongdoing. Plaintiff seeks to hold these Defendants liable based upon their supervisory status. Even in his Opposition Brief, Plaintiff explains that the Defendants are under a duty to provide for the safety of the inmates. For example, Plaintiff argues that Superintendent Sauers has a "statutory duty to implement, enforce policies, procedures, governing the security of staff and prisoners, conduct their subordinates with the respective [sic] to the needs and safety to all prisoners …"

ECF No. 24, ¶ 2. Plaintiff argues similarly as to the other named Defendants. Plaintiff's allegations and arguments are not sufficient to impose liability upon these Defendants.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990, cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir.1988). Section 1983 liability cannot be predicated solely on *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Dep't of Social Services, 436 U.S. 658(1978). However, "[p]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) quoting Rode, 845 F.2d at 1207.

Because Plaintiff has not alleged the personal involvement of any of the named Defendants, the motion to dismiss will be granted.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES OSCAR WRIGHT,** | ) | |
| Plaintiff, | ) | **Civil Action No. 12-217Erie** |
| | ) | |
| v. | ) | |
| | ) | |
| **DEBRA SAUERS, et al,** | ) | **Magistrate Judge Baxter** |
| Defendants. | ) | |

# O R D E R

AND NOW, this 20th day of February, 2014;

IT IS HEREBY ORDERED that Defendant's motion to dismiss [ECF No. 19] be GRANTED. The Clerk of Courts is hereby directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge